## IN THE COURT OF COMMON PLEAS
### KNOX COUNTY, OHIO

**DAVID CALDWELL**
106 Wadsworth Road, Lot 47
Orrville, Ohio   44667

    Plaintiff

vs.

**ADECCO EMPLOYMENT SERVICES**
1025 Harcourt Road, Suite 200
Mt. Vernon, Ohio   43050

    -and-

**ADECCO USA, INC.**
175 Broad Hollow Road
Melville, New York   11747

    -and-

**ADECCO SERVICES, INC. of OHIO**
c/o CT Corporation System, Statutory Agent
1300 East Ninth Street
Cleveland, Ohio   44114

    -and-

**LISA PFOUTS**
c/o Adecco Employment Services
1025 Harcourt Road, Suite 200
Mt. Vernon, Ohio   43050

    -and-

**HIRERIGHT, INC.**
5151 California Avenue
Irvine, California   92617

CASE NO.
*010T10-0606*

JUDGE **EYSTER**

**COMPLAINT**

(Jury Demand Endorsed Hereon)

FILED
KNOX COUNTY
COURT OF COMMON PLEAS
2009 OCT 13  PM 1:49
MARY JO HAWKINS
CLERK OF COURTS


EXHIBIT
B

-and-

**JOHN DOE or JANE DOE 1-5**
**Proper Names Currently Unknown**
c/o Adecco Employment Services
1025 Harcourt Road, Suite 200
Mt. Vernon, Ohio   43050

-and-

**JOHN DOE or JANE DOE 6-10**
**Proper Names Currently Unknown**
c/o HireRight, Inc.
5151 California Avenue
Irvine, California   92617

Defendants

Now comes Plaintiff David Caldwell by and through counsel, and for his Complaint against Defendants herein, states the following:

## COUNT ONE

1.     Plaintiff David Caldwell is an adult resident of the City of Orville, Wayne County, Ohio.

2.     Defendants Adecco Employment Services, Adecco USA, Inc., and/or Adecco Services, Inc. of Ohio (collectively referred to as "Adecco") are duly organized business entities authorized to conduct business in the State of Ohio with a place of business situated in the City of Mt. Vernon, Knox County, Ohio.   Defendants Adecco are engaged in the business of providing employment services, personnel services and the securing of employees for placement with employers throughout Ohio, including Knox County.

3.     Defendant John Doe or Jane Doe 1 through 5, the proper names and addresses of whom could not be discovered prior to the filing of this Complaint, and Defendant Lisa Pfouts

2

("Pfouts") are persons employed by Defendants Adecco and/or are agents of Defendants Adecco who, at all times herein relevant, were acting within the course and scope of that employment or agency and for the benefit of Defendants Adecco.

4.     Defendant HireRight, Inc. ("HireRight") is a duly organized corporate entity authorized to conduct business in the State of Ohio.  Defendant HireRight is engaged in the business of conducting, obtaining and distributing, for profit internet based background screening and credit reporting, including employment-related screening and reporting, throughout the United States, including the State of Ohio and specifically Knox County.

5.     Defendant John Doe or Jane Doe 6 through 10, the proper names and addresses of whom could not be discovered prior to the filing of this Complaint, are persons employed by Defendant HireRight and/or are agents of Defendant HireRight who, at all times herein relevant, were acting within the course and scope of that employment or agency and for the benefit of Defendant HireRight.

6.     At some point in March 2009, Plaintiff David Caldwell became employed by Defendant Adecco under an agreement referred to as a "temp to hire arrangement."  Pursuant to this agreement, Defendants Adecco hired Plaintiff with the understanding that they would place Plaintiff in a job with a third-party client of Adecco with the expectation that Plaintiff would be hired as a regular employee of the third-party client, assuming that Plaintiff's work was satisfactory and that Plaintiff met the requirements of the position.

7.     In conjunction with its employment placement services, Defendants Adecco also conducted a background screening and credit check regarding Plaintiff for hiring and employment purposes.

8.     Defendants Adecco did place Plaintiff David Caldwell with a business situated in

3

Wooster, Ohio where Plaintiff worked as a towmotor / forklift operator. Plaintiff's work was performed satisfactorily and without incident such that it was expected and anticipated that Plaintiff would become a regular employee of the Wooster, Ohio company, a position which would result in continuing and increased economic benefit to Plaintiff.

9.     On or about April 8, 2009, Defendant Pfouts, acting for and on behalf of Defendants Adecco, came to the Wooster business where Plaintiff was working and advised Plaintiff and that business that Plaintiff David Caldwell was a convicted felon and was therefore ineligible for job placement and was further ineligible to continue working in the position into which he was placed. Plaintiff was immediately terminated from his employment.

10.     Plaintiff David Caldwell has **no criminal conviction history,** neither felony nor misdemeanor.

11.     Defendants Adecco, acting by and through their employees and/or agents Defendant Pfouts and/or Defendants John Doe or Jane Doe 1 through 5 did publish and communicate to Plaintiff's employer and/or prospective employer(s) that Plaintiff had been convicted of a felony drug trafficking offense in Hamilton County, Ohio, a communication which is and was false, untrue and defamatory. Defendants Adecco published and communicated false and defamatory information with reckless and wanton disregard for the truth or accuracy of the information, and with the knowledge that such communication was injurious to the employment, reputation and general well-being of Plaintiff David Caldwell.

12.     Defendants Adecco, acting by and through its employees and/or agents Defendant Pfouts and/or Defendants John Doe or Jane Doe 1 through 5 did negligently and recklessly fail to verify the accuracy of the false information relating to Plaintiff David Caldwell prior to effectuating Plaintiff's discharge from employment and the publication of false and defamatory

4

information.

13.     As a direct and proximate result of the conduct of Defendants Adecco, Pfouts and John Doe or Jane Doe 1 through 5, Plaintiff David Caldwell has been caused mental anguish, pain and suffering, damage to his reputation, damage to his credit, embarrassment, humiliation and the loss of gainful employment.  Plaintiff has further been caused to suffer a loss of employment and income together with the corresponding inability to meet his financial obligations, including support for his children.

## COUNT TWO

14.     Plaintiff affirms, restates and incorporates herein by reference all of the facts, statements, and allegations set forth in Paragraphs 1 through 13 of this Complaint as if fully rewritten herein.

15.     Defendant HireRight, acting by and through its employees and/or agents Defendants John Doe or Jane Doe 6 through 10, conducted background screening and credit checking services relative to Plaintiff on behalf of and at the request of Defendant Adecco and communicated, published and provided information to Defendants Adecco, Pfouts and/or John Doe or Jane Doe 1 through 5 relating to Plaintiff which is and was false, untrue and defamatory, specifically that Plaintiff had been convicted of a felony drug offense in Hamilton County, Ohio.. Defendant HireRight published and communicated such false and defamatory information with reckless and wanton disregard for the truth or accuracy of the information, and with the knowledge that such communication was injurious to the employment, reputation and general well-being of Plaintiff David Caldwell.

16.     Defendant HireRight, acting by and through its employees and/or agents Defendants John Doe or Jane Doe 6 through 10 did negligently and recklessly fail to verify the

accuracy of the false information relating to Plaintiff David Caldwell prior to publishing and communicating such false and defamatory information to third parties, including but not limited to Defendants Adecco, with the knowledge that such publication was reasonably certain to result in injury to Plaintiff.

17.     As a direct and proximate result of the conduct of Defendants HireRight and John Doe or Jane Doe 6 through 10, Plaintiff David Caldwell was caused to suffer the injuries, losses and damages more fully described in Count One of this Complaint.

<u>**COUNT THREE**</u>

18.     Plaintiff affirms, restates and incorporates herein by reference all of the facts, statements and allegations set forth in Paragraphs 1 through 17 of this Complaint as if fully rewritten herein.

19.     Upon being terminated from employment based upon the false and defamatory matter published by Defendants, Plaintiff David Caldwell took action seeking the correction and/or retraction of the false and defamatory information communicated by Defendants.

20.     Plaintiff David Caldwell traveled to Hamilton County on April 20, 2009 and secured a record from the Hamilton County Sheriff, a copy of which is attached hereto as Plaintiff's Exhibit 1, confirming that he has no criminal record in Hamilton County, Ohio. Plaintiff provided this record to Defendants and said Defendants failed and refused to correct their false reports and communications and further refused to retract the publication of false and defamatory matter related to Plaintiff.

21.     Plaintiff David Caldwell then voluntarily traveled to the Ohio Bureau of Criminal Identification & Investigation ("BCI") in London, Ohio in order to be fingerprinted and obtain a criminal history record check and verification as further proof of the fact that he has no criminal

record.  Plaintiff obtained written verification from BCI that he has **absolutely no criminal record**.  A true copy of said BCI verification dated April 27, 2009 is attached hereto as Plaintiff's Exhibit 2.  Plaintiff provided this record to Defendants and said Defendants again failed and refused to retract the publication of false and defamatory matter related to Plaintiff.

22.     The conduct of Defendants in failing and refusing to retract and/or correct their false and defamatory publications and communications was and is reckless, wanton and willful and in complete disregard of the rights, interests and welfare of Plaintiff David Caldwell.  The conduct of Defendants as described in this Count Three is a direct and proximate cause of the injuries, losses and damages sustained and suffered by Plaintiff as more fully described in Count One of this Complaint.

23.     By reason of the conduct of Defendants as described herein, Defendants have wrongfully and tortiously inflicted emotional distress upon Plaintiff and have wrongfully and intentionally interfered with and destroyed Plaintiff's position of employment all to the damage and detriment of David Caldwell.

### COUNT FOUR

24.     Plaintiff affirms, restates and incorporates herein by reference all of the facts, statements and allegations set forth in Paragraphs 1 through 23 of this Complaint as if fully rewritten herein.

25.     At all times relevant to this action, Defendants Adecco and Defendant HireRight engaged in the functions of and are each classified as a "consumer reporting agency" as that term is defined in the Fair Credit Reporting Act ("FCRA"), 15 U.S.C..§1681.  The information accumulated, published and disseminated by said Defendants as described herein constitutes a "consumer report" as defined in §1681b of the FCRA in that the information has a direct bearing

7

on Plaintiff's reputation, personal characteristics and other personal factors which were expected to be used, and were in fact used, for employment purposes.

26.     In preparing, obtaining, publishing and communicating information purportedly related to Plaintiff David Caldwell by way of the subject consumer report, Defendants Adecco and Defendant HireRight violated the FCRA in several respects, including but not limited to the following:

a)     Failing to provide Plaintiff timely notice of information likely to have an adverse effect on Plaintiff's ability to obtain and/or maintain employment;

b)     Failing to maintain procedures to ensure that information reported as being of public record that is likely to adversely affect Plaintiff's ability to obtain and/or maintain employment is complete, accurate and true.

c)     Failing to properly and effectively verify information to be of public record;

d)     Failing to properly and effectively reinvestigate the accuracy of information communicated and published by them after receiving Plaintiff's notice that the accuracy of the information was being disputed and after being provided proof of the falsity of the information reported on two occasions from two separate, credible and authoritative sources;

e)     Failing to accurately and adequately note and record the fact that Plaintiff disputes the accuracy and truthfulness of information reported  and that Plaintiff provided evidence from Hamilton County and State of Ohio law enforcement personnel confirming the falsity and inaccuracy of  Defendant's communication that Plaintiff had been convicted of a felony drug offense;

f)     Failing to implement and/or adhere to reasonable procedures designed and intended to assure maximum accuracy of information published and communicated by Defendants; and

g)     Failing to retract, correct, and/or amend the false publication of information which was and is likely to cause harm to Plaintiff David Caldwell when Defendants were obligated to do so.

27.     The acts and omissions of Defendants as outlined in Paragraph 26 of this Complaint were the result of the negligence of Defendants Adecco and/or HireRight under the common law of the State of Ohio and are negligent violations of the FCRA actionable pursuant to 15 U.S.C.

§1681o.   The negligence of Defendants Adecco and/or Defendant HireRight was and is a proximate cause of the injuries, losses and damages sustained by Plaintiff David Caldwell as more fully described in Count One of this Complaint.

28.     Alternatively, the acts and omissions of Defendants Adecco and/or Defendant HireRight were wanton and willful and the result of a reckless disregard of the truth or falsity of the published information , the rights of Plaintiff David Caldwell and the requirements of the FCRA. The willful, intentional and reckless conduct of Defendants Adecco and/or Defendant HireRight are a direct and proximate cause of the injuries, losses and damages sustained by Plaintiff David Caldwell as more fully described in Count One of this Complaint.  By reason of the wanton, willful, reckless and intentional nature of Defendants conduct, Defendants Adecco and/or Defendant HireRight are liable to Plaintiff for punitive damages under the common law of Ohio and are in violation of the willful noncompliance provisions of the FCRA set forth at 15 U.S.C. §1681n.

## COUNT FIVE

29.     Plaintiff affirms, restates and incorporates herein by reference all of the facts, statements and allegations set forth in Paragraphs 1 through 28 of this Complaint as if fully rewritten herein.

30.     Defendants Adecco is liable for the acts and omissions of its agents and employees pursuant to the doctrine of *respondeat superior*.

31.     Defendant HireRight is liable for the acts and omissions of its agents and employees pursuant to the doctrine of *respondeat superior*.

**WHEREFORE,** Plaintiff David Caldwell respectfully prays for judgment against Defendants Adecco Employment Services, Adecco USA, Inc., Adecco Services, Inc. of Ohio, Lisa Pfouts, HireRight, and John Doe 1 through John Doe 10 inclusive, jointly and severally, as follows:

A)   In an amount of damages in excess of $25,000.00 and sufficient to fully, fairly and reasonably compensate him for his injuries, losses and damages as established in this action;

B)   In an amount of punitive and exemplary damages in excess of $25,000.00 together with an award of reasonable attorney fees;

C)   For statutory relief as provided in the Fair Credit Reporting Act, 15 U.S.C. §1681 to include actual damages, statutory damages, punitive damages and reasonable attorney fees; and

D)   For the costs of this action, interest as allowed by law and such other and further relief as this Court deems just and proper.

Respectfully Submitted,

BRADFORD D. ZELASKO (0005429)
bzelasko@jkfmlaw.com
DAVID A. FORREST ( 0006673
dforrest@jkfmlaw.com
**Jeffries, Kube, Forrest & Monteleone Co., L.P.A.**
Midland Building, Suite 1650
101 West Prospect Avenue
Cleveland, Ohio 44115
216.771.4050
216.771.0732 (Facsimile)

*Counsel for Plaintiff*
10

## JURY DEMAND

In accordance with Rule 38 of the Ohio Rules of Civil Procedure, Plaintiff demands a trial by jury composed of the maximum number of jurors permitted by law.

_____

BRADFORD D. ZELASKO (0005429)
Jeffries, Kube, Forrest & Monteleone Co., L.P.A.

*Counsel for Plaintiff*

11

information listed on this background
Check makes no reference to the Sheriffs
Sex Offender Database. Additional
Information, if necessary, is available on the
Hamilton County Sheriff's Website at
www.hcso.org.

A RCIC 041220 0752 04/20/2009 1531:40

CONVICTION RECORD TRANSCRIPT
CITY OF CINCINNATI AND COUNTY OF HAMILTON

BY: BJS                    04-20-09                    PAGE 1 OF 1

STATUS: NO CRIMINAL RECORD & NO TRAFFIC RECORD

NAME:  CALDWELL,DAVID R            SOCSEC:  Redacted

DOB:  Redacted        SEX: M  RACE: W

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

<<< NO RECORD ON FILE >>>

A RCIC 041220 0753 04/20/2009 1531:40



PLAINTIFF'S
EXHIBIT



# RICHARD CORDRAY
## OHIO ATTORNEY GENERAL

April 27, 2009

DAVID CALDWELL
106 WADSWORTH RD
ORRVILLE OH 44667

### NO BCI&I RECORD ON FILE
### AUTHENTICATION NO.  CS00242094OB3514

The Ohio Bureau of Criminal Identification and Investigation (BCI&I) has completed a criminal history record check on the applicant listed below.  Based upon information furnished by your agency, BCI&I has **NO CRIMINAL HISTORY RECORD** on file for:

| | |
|---|---|
| Name: | **CALDWELL, DAVID R** |
| SSN: | **XXX-XX-5789** |
| Date Completed: | **April 24, 2009** |
| Reason Fingerprinted: | **Other** |

This "No Record" verification is valid for one year from the record check completion date. This letter may be photocopied by the prospective employer and retained by the applicant.

Peter C. Tobin, Superintendent
Ohio Bureau of Criminal
Identification and Investigation



CVE587

Ohio Bureau of Criminal Identification and Investigation



P.O. Box 365
London, OH 43140
Telephone: (740) 845-2000
Facsimile:   (740) 845-2020



An Internationally Certified Law Enforcement Agency

www.ag.state.oh.us

NMTC

CERTIFIED MAIL





MARY JO HAWKINS
KNOX COUNTY CLERK OF COURTS
117 EAST HIGH STREET, SUITE #201
MOUNT VERNON, OH 43050

7160 3901 9846 4872 3004

UNITED STATES POSTAGE
$ 05.880
02 1A
0004628065
MAILED FROM ZIP CODE 43050
OCT 13 2009

09OT10-0606
HIRERIGHT INC
5151 CALIFORNIA AVENUE
IRVINE CA  92617